COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-003-CR

 

 

DAUNSHEA CHOICE                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Appellant Daunshea Choice
appeals his conviction and twenty-year sentence for possession of a controlled
substance of less than two hundred grams but more than four grams.  In two issues, appellant complains that the
evidence is legally and factually insufficient to support the jury=s verdict.  We affirm.








II.  Background Facts

On February 21, 2004,
appellant was arrested in White Settlement following a routine traffic stop
that revealed several traffic warrants. 
Before inititating the stop, Officer Cody Spencer checked the license
plate number of appellant=s Acura but
mistakenly entered the wrong number. 
Officer Spencer, incorrectly believing that appellant=s license plate did not belong to the Acura, stopped appellant.








After Officer Spencer stopped
the Acura, appellant told him that he had a gun underneath the driver=s seat.  Officer Spencer and
Officer Wade Bowdre conducted a search of the Acura and found nothing except
the handgun that had the serial numbers filed off.  After determining that appellant=s traffic warrants were still valid, Officer Spencer arrested appellant
and transported him to jail while Officer Bowdre waited for a tow truck to
arrive.  Jason May, the tow truck driver,
moved the Acura onto his flatbed truck and placed it at a forty-five degree
angle.  When May reached inside the Acura
to apply its emergency brake, he noticed a baggie that contained what he
believed to be drugs.  Consequently, May
contacted the White Settlement Police Department, and Officer Bowdre went to
the storage facility to retrieve the baggie. 
A later analysis showed that the baggie contained 10.58 grams of
cocaine.  Appellant was charged with and
convicted of possession of a controlled substance and sentenced to twenty years
in prison.

III.  Sufficiency of the Evidence

Appellant contends that the
evidence is legally and factually insufficient to support the jury=s verdict that he knowingly or intentionally possessed the controlled
substance. 

A.  Standards of Review

1.  Legal Sufficiency

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

2.  Factual Sufficiency








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d 417.

B.  Applicable Law

A person commits a
second-degree felony if the person knowingly or intentionally possesses a
controlled substance of more than four grams but less than two hundred
grams.  See Tex. Health & Safety Code Ann. _ 481.115 (a), (d) (Vernon
2003).  The State must prove that the
accused exercised control,  management,
or care over the controlled substance and knew the substance was contraband.  Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App.  2006).  If the police do not find the controlled
substance in the exclusive possession of the accused, the State must establish
more than fortuitous connections between the accused and the controlled
substance.  Poindexter v. State,
153 S.W.3d 402, 406 (Tex. Crim. App. 2005). 








 To establish the accused=s knowing or intentional possession of a controlled substance, Aaffirmative links@ must be shown.  Martin v.
State, 753 S.W.2d 384, 386-87 (Tex. Crim. App. 1988); Olivarez v. State,
171 S.W.3d 283, 291 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 
Some factors that can establish Aaffirmative links@ include the defendant=s presence when a
search is conducted, whether the contraband was in plain view or recovered from
a hidden location, the defendant=s proximity to and
the accessibility of the narcotic, whether the defendant owned or had the right
to possess the place where the drugs were found, whether the place where the
drugs were found was enclosed, whether the defendant was found with a large
amount of cash, whether the conduct of the defendant
indicated a consciousness of guilt, and whether the defendant possessed a
weapon.  See Martin, 753 S.W.2d at 386-87; Olivarez
171 S.W.3d at 291; Taylor v. State, 106 S.W.3d 827, 831 (Tex. App.CDallas 2003, no
pet.).  These factors are not a litmus
test and should be evaluated in light of the logical force of all the direct
and circumstantial evidence to determine the result.  See Martin, 753 S.W.2d at 386-87; Olivarez, 171 S.W.3d at 291.

C.  Analysis

Appellant contends that there
are insufficient links connecting him to the cocaine.  We disagree. 









At trial, Tifford Watkins,
appellant=s
brother-in-law, testified that he sold the Acura to appellant three to four
months before appellant=s
arrest.  Further, Watkins took the Acura
apart to repair and clean it before selling it, and he never saw drugs in the
car.  Appellant=s wife, Pauline Choice, testified that four other individuals,
including herself, had driven the Acura during the three months that appellant
owned it.  However, Watkins testified
that appellant did not let anyone else drive it. 

Officer Spencer testified
that when he first stopped appellant, he noticed appellant Amoving around in the passenger compartment of the car.@  Further, after instructing
appellant to exit the Acura, Officer Spencer found a loaded gun in the car with
filed-off serial numbers.  The officers
did not find the cocaine.     After appellant=s arrest, Jason May, the tow-truck driver, loaded the Acura onto a tow
truck at a forty-five-degree angle.  When
May returned to the Acura to put the emergency brake on, he found a baggie
containing what he believed to be drugs near the passenger seat.  A later analysis showed that the baggie
contained 10.58 grams of cocaine. 
Further, at the time of his arrest, appellant had $772.31 in cash on
hand, even though he had only recently obtained employment. 








In determining ownership and
accessibility of drugs, the issue is not how many people had access to or owned
the place where the drugs are found, but rather that appellant was the only
person in control when the drugs were found. 
Evans, 202 S.W.3d at 164. 
Even though appellant=s wife testified that other people had driven the Acura, a reasonable
juror could find that appellant=s use of the Acura just before the discovery of the cocaine showed
accessibility to and ownership of the place where the drugs were found.  See Martin, 753 S.W.2d at 386-87; Olivarez, 171 S.W.3d at 291. 

Further, suspicious behavior
such as moving and looking around is consistent with behavior of a person
carrying drugs.  See Cabrales v. State,
932 S.W.2d 653, 657 (Tex. App.CHouston [14th Dist.] 1996, no pet.). 
Here, the jury could have concluded that appellant=s motions inside the car showed furtive behavior consistent with a
person carrying drugs.  See Martin, 753 S.W.2d at 386-87; Olivarez,
171 S.W.3d at 291.

A large amount of money by
itself does not provide a connection to the contraband, but when considered
with other circumstantial evidence, it does provide probative value in
connecting the accused with the contraband. See Evans, 202 S.W.3d at
165.  The presence of a weapon can also
be an affirmative link between an accused and drugs.  See Martin, 753 S.W.2d at 386-87; Olivarez, 171 S.W.3d at 291.  Here, appellant had only recently obtained
employment, but he had over $700 in cash with him during his arrest.  He also had a loaded handgun with filed-off
serial numbers under the seat.  








Considering all of these links together, the jury could have found
beyond a reasonable doubt that appellant knowingly and intentionally possessed
the cocaine.  See Martin, 753
S.W.2d at 386-87; Olivarez, 171 S.W.3d at 291.  Further, the evidence supporting the
conviction is not so weak, nor the contrary evidence so overwhelming, that the
jury=s
verdict is clearly wrong or manifestly unjust. 
Therefore, we hold that the evidence is both legally and factually
sufficient to support the jury=s finding.  Accordingly, we overrule appellant=s two
issues.

 

IV.  Conclusion

 

Having overruled appellant=s two issues, we affirm the trial court=s judgment.  

 

PER CURIAM

PANEL F:    LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 22, 2007

 











[1]See Tex. R. App. P. 47.4.